**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUI XIN CHEN, a.k.a. Hui Xiu Chen, a.k.a. Jun Yun Wang,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71935<br><br>Agency No. A076-282-318<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Hui Xin Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We grant the petition for review, and we remand.

In Chen's original proceedings before the agency, Chen was a derivative on her husband's asylum application, and the agency denied relief. After Chen and her husband filed a petition for review, her husband withdrew his application, and we dismissed the petition, noting the dismissal was without prejudice to Chen filing an application on her own behalf. Chen subsequently filed a motion to reopen, requesting reopening to file a new application in her own right, and also asserting changed country conditions. The BIA denied Chen's motion as untimely, finding that she failed to show changed circumstances to qualify for the regulatory exception provided in 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA abused its discretion by failing to consider Chen's separate request for reopening to file a new asylum application in her own right. *See Mejia v. Ashcroft*, 298 F.3d 873, 878-79 (9th Cir. 2002) (BIA abused its discretion in failing to address claim). Thus, we remand to the BIA for further proceedings consistent with this disposition, including a remand to the immigration judge if appropriate to consider Chen's motion to file a new application in her own right. *See* 8 C.F.R. §§ 1208.4(b), 1208.14(f).

09-71935

The BIA also abused its discretion in finding Chen failed to show changed circumstances where it discounted the government announcement she submitted solely because it had not been authenticated. *See Zhao v. Holder*, 728 F.3d 1144, 1149 (9th Cir. 2013) (error to reject town notice solely because it was not authenticated pursuant to regulation). Further, the BIA erred in discounting Chen's written statement. *See Bhasin*, 423 F.3d at 987 (BIA erred in discrediting affidavit as self-serving or unsupported; "facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable").

Thus, we grant the petition for review and remand. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Mejia*, 298 F.3d at 880.

**PETITION FOR REVIEW GRANTED; REMANDED.**

09-71935